## WM. SHALAND *v.* UNITED STATES

**No. 4449.**—Invoices dated Yokohama, Japan, December 17, 1936; April 24, March 30, 1937.
Entered at New York January 26, May 26, 4, 1937.
Entry Nos. 809492, 877905, 865570.

(Decided November 15, 1938)

*Siegel & Mandell* (*Sidney Mandell* of counsel) for the plaintiff.
*Webster J. Oliver*, Assistant Attorney General (*Samuel D. Spector*, special attorney), for the defendant.

SULLIVAN, Judge: The subjects of these reappraisements are three importations of glass salt and pepper shakers, item 3674, covered by three invoices consulated on December 17, 1936, March 30, 1937, and April 24, 1937, at Yokohama, Japan.

This item is invoiced in reappraisement 120836-A at 5 yen per gross packing included; entered the same, less local freight, and appraised at 6.26 yen per gross, net, packed, export value.

In reappraisement 122456-A it is invoiced at 5.50 yen per gross cases and packing included; entered to meet advances at 6.26 yen per gross; and appraised as entered.

The same is true of reappraisement 122595-A.

Plaintiff's witness William Shaland testified he is the importer in this case; that he was in Japan in the fall of 1936, and purchased glassware from Takano-Shoten of Tokyo personally; that before placing the order he was familiar with the market conditions prevailing in Japan for salt and pepper shakers like item 3674; that he visited many glass manufacturers, and obtained quotations from them; that he obtained a price of 5 yen per gross and in some cases lower from other manufacturers; that when he was in Japan he obtained information respecting the foreign-market value of this merchandise, that "the price in the home market value was the same as the purchase price"; that there was a price in the home market of 4.20 yen per gross, but "the home market does not contain casing and packing"; that such price was at the factory, and for delivery in cases and packing the home market price would be 5 yen.

On cross-examination he testified he inquired as to the sales of this merchandise from the manufacturer. His testimony then continued as follows on cross-examination:

X Q. Did he give you the names of many customers of sales that he made?—A. I don't know how many.

X Q. Well, did he tell you more than one?—A. I can't recall that.

X Q. Did he give you one?—A. I presume he did.

X Q. Did he give you the name of any one person to whom he sold in Japan, merchandise like exhibit 1?—A. I don't recollect that.

X Q. You do not know now, whether or not this merchandise was sold in Japan for consumption in Japan?—A. I won't say that. *I can't say positively whether that particular item was taken up by me.*

He explained his testimony as follows:

I mean, when going to purchase an item, we usually try to get the price for the merchandise without the case and packing. When he quoted 5.50 or 4.20 or 4.70, we enquire as to the best price, as to the price you sell the merchandise for, without case and packing. In that way, we found what was a fair market value. We then buy the merchandise, consigned to commissionaires, have it packed, and we believe we then obtain the fair market value.

On redirect examination he testified he made annual trips to Japan, and sometimes twice a year; that from his observations articles like Exhibit 2 are used in Japan in homes; that he placed a number of orders in the same factory at 5 yen per gross, cases and packing included.

On recross-examination he testified he visited "quite a few" homes where this merchandise is used.

Plaintiff's Exhibit 1 is the affidavit (verified July 7, 1938) of S. Takano, manager of the firm of Takano-Shoten, Tokyo, Japan, which appears to be the exporter of the merchandise covered by reappraisement 120836–A. He states:

That our firm manufactures, among other things, Salt and Pepper Shakers' Item No. 3674. That I am personally familiar with transactions of purchase and sale of salt and pepper shakers from our firm to all our customers. That we are engaged in the sale of the merchandise in question in the usual wholesale quantities and in the ordinary course of trade throughout Japan as well as for export to foreign countries including the United States.

I further swear under oath that the price appearing on our invoice to William Shaland of NewYork City, certified by the American Consul at Yokohama, on December 17, 1936, and which invoice covers salt and pepper shakers, Item No. 3674 (Reappraisement 120836–A), represents the true market value of these particular numbered salt and pepper shakers in Japan at the time of exportation and that we were and are prepared and willing to sell in the usual wholesale quantities and in the ordinary course of trade the identical salt and pepper shakers by number, at the price at which they were sold and invoiced to William Shaland of New York City.

Attached to the affidavit is "a photograph and a copy of sale of identical salt and pepper shakers as those sold to William Shaland of New York City."

This appears to be a copy of an invoice in Japanese and English to Messrs. Eisho Kato Shoten of "Salt & Pepper Shakers 50 grs. set ¥4.20 ¥210.00 without wooden case and Packing." Attached is a photograph of salt and pepper shakers resembling those in question.

It will be observed that the affidavit, Exhibit 1, has reference to reappraisement 120836–A only, and in that case the invoiced value is 5 yen per gross, packing and local freight included. The Government has not introduced any evidence to show that 5 yen, packing and local freight included, is not the foreign-market value of the merchandise covered by reappraisement 120836–A.

In reappraisements 122456–A and 122595–A the invoiced value is 5.50 yen per gross, cases and packing included. The affidavit, Exhibit 1, does not contain any statement as to these reappraisements, nor any explanation why the invoiced value is 5.50 yen instead of 5 yen as in the first reappraisement. We have merely the testimony of Mr. Shaland indicating generally that the price *to him* of this merchandise is 5 yen per gross, including cases and packing. His testimony on cross-examination weakens his testimony on direct that "the price in the home market value was the same as the purchase price," for he testified on cross-examination "I can't say positively whether that particular item was taken up by me," although he testified on direct that for delivery in cases and packing the home market value would

be 5 yen. However, it will be observed that although his testimony is not of the best it was not rebutted by the Government, and for that reason the mere presumption of correctness attaching to the appraiser's action can not be weighed against it. We are therefore of opinion that in reappraisements 122595–A and 122456–A the invoiced value (5.50 yen per gross) being higher than the home market value of 5 yen per gross, as stated by the witness, should stand.

I therefore hold as follows:

(1) That there is a foreign value for this merchandise, and that such foreign value is not lower than the export value thereof.

(2) That the foreign value of the salt and pepper shakers covered by reappraisement 120836–A is 5 yen, packing included, less local freight.

(3) That the foreign value of the salt and pepper shakers covered by reappraisements 122456–A and 122595–A is 5.50 yen per gross, cases and packing included.

(4) That in reappraisement 120836–A the entered value is sustained.

(5) That in reappraisements 122456–A and 122595–A the invoiced value is sustained.

Judgment accordingly.